Ira L. MENDELL, on behalf of himself and others similarly situated, Plaintiff,

v.

George J. GREENBERG, Frederick R. Adler, James R. Swartz, Anita Loehmann Stafford, Donald H. Balleisen, Allan S. Gordon, Christopher D. Illick, Cecily C. Selby, Kenneth J. Thornhill, John D. Mack, AEA Investors Inc., LHI Inc., LH Investors Inc., LH Holdings Inc., Loehmann's Inc., and Drexel Burnham Lambert Incorporated, Defendants.

No. 81 Civ. 3483 (JES).

United States District Court,
S.D. New York.

Feb. 3, 1987.

MEMORANDUM OPINION
AND ORDER

SPRIZZO, District Judge:

Plaintiff seeks discovery with respect to the true value of defendant Loehmann's

Inc.'s ("Loehmann's") stock in 1981, when Loehmann merged with a company organized and controlled by the defendant AEA Investors Inc. Defendants object to this discovery on relevancy grounds. The Court has held numerous discovery conferences with the parties concerning this discovery motion and ultimately concluded that papers were necessary to resolve the motion. Accordingly, the parties have filed briefs with the Court addressing the issue of whether the true value of Loehmann's stock in 1981 is relevant to the subject matter involved in the instant action and, therefore, discoverable pursuant to Fed.R. Civ.P. 26(b). For the reasons set forth below, the Court concludes that plaintiff is entitled to discovery with respect to the true value of the Loehmann's stock in 1981.

## BACKGROUND

The facts of this case are set forth fully in a previous Opinion and Order of the Court. *See Mendell v. Greenberg,* 612 F.Supp. 1543 (S.D.N.Y.1985). Familiarity with that Opinion is assumed and the facts will not be repeated herein except to the extent necessary to resolve the instant discovery dispute.

Briefly, plaintiff alleges in his amended and supplemental complaint ("complaint") that the defendants are liable pursuant to § 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) (1982), because there were material omissions of fact from a proxy statement issued by the defendants with respect to the above-stated merger. *See Mendell, supra,* 612 F.Supp. at 1547–49. Plaintiff alleges that the disclosure of these facts would have indicated that Loeh-

mann's common stock was worth more than $31.50 per share, the amount Loehmann's common shareholders received pursuant to the merger. In the Court's prior Opinion and Order, the Court concluded that most of the allegations set forth in plaintiff's complaint were legally insufficient. The Court therefore granted summary judgment in favor of the defendants on those claims. *See id.* at 1549–52.

The only claim remaining in plaintiff's complaint to which the instant discovery request arguably relates is plaintiff's claim that the proxy statement failed to disclose that, at the time of the merger, the defendant Stafford and the Loehmann family "had to make a prompt sale of their Loehmann's stock, with price being relatively unimportant, because, *inter alia,* they urgently needed to raise money to pay estate taxes." *See id.* at 1553; Complaint at ¶¶ 46, 47, 49.[1] According to the plaintiff, the Loehmann family's urgent need for cash due to tax liabilities placed the Loehmann family in conflict with the interests of other shareholders. *See Mendell, supra,* 612 F.Supp. at 1553.

The Court denied defendants' motion for summary judgment on this claim. In the Court's prior Opinion and Order, the Court noted that a proxy statement need not set forth the subjective motivations underlying the vote of a controlling shareholder, as long as all of the material facts giving rise to their personal interests are disclosed. *See id.* Especially in view of the fact that the proxy statement made numerous references to the Loehmann family's approval of the merger, and, indeed, stated various rea-

---

1. Plaintiff does not argue, nor does the Court find, that the requested discovery is relevant to the other claims remaining in plaintiff's complaint. The Court also notes that, of course, the true value of the Loehmann's stock is relevant to plaintiff's damages. However, the Court has previously ruled that the anticipated trial will be bifurcated into separate trials on liability and damages. Therefore, at this stage in the proceedings, plaintiff is entitled to this discovery only if it is relevant to the issue of the defendants' liability.

Although the Court has already ruled several times on the record that the trial will be bifur-

cated, plaintiff once again attempts to have the Court reconsider this ruling in its memorandum of law filed in connection with this discovery dispute. At the most recent Pre-Trial Conference, however, the Court informed the plaintiff in no uncertain terms that the trial will be bifurcated and that the Court would not reconsider its ruling. *See* Transcript at 7. The Court once again adheres to that decision. The Court therefore directs that plaintiff's repeated requests for reconsideration of that decision henceforth cease.

sons for that approval, the Court could not conclude as a matter of law that the failure to disclose the particular facts with respect to their alleged estate tax liability was not a material omission. *See id.*

## DISCUSSION

The aforementioned claim remaining in the complaint places in issue whether the defendant Stafford and the Loehmann family did in fact have the alleged urgent need for cash to pay an estate tax liability. The requested discovery with respect to the true value of the stock at the time of the merger is relevant to this issue. Certainly, if the Loehmann family approved the merger at a price far below the true value of the stock, this might tend to establish that the Loehmann family was under economic pressure to get cash as soon as possible to pay off an estate tax liability. Therefore, the plaintiff is entitled to the requested discovery.

Although the Court preliminarily indicated at the last Pre-Trial Conference that it would accept the defendants' suggestion to limit the scope of the requested discovery to Stafford's knowledge regarding the true value of the stock, upon further consideration, the Court has concluded that the discovery should not be so limited. Where a merger is approved at a grossly inadequate price, it is at least arguable that the parties approving that merger were aware of that fact. Thus, the true value of the stock is relevant to the issue of whether Stafford and the Loehmann family knew that the price was inadequate. This knowledge in turn is arguably relevant, as discussed above, to the issue of whether the Loehmann family had an urgent need for cash, which placed them in a conflict of interest vis-a-vis the other shareholders.

The Court does not find persuasive defendants' argument that allowing the aforementioned discovery in this action would be inconsistent with the line of cases setting forth the general proposition that a failure to disclose the true value of the stock or the unfairness of a deal is not actionable under the federal securities laws. *Compare Klausner v. Ferro,* 604 F.Supp. 1188, 1194–95 (E.D.N.Y.1985); *Billard v. Rockwell Int'l Corp.,* 526 F.Supp. 218, 221 (S.D.N.Y.1981), *aff'd,* 683 F.2d 51 (2d Cir.1982); *Bucher v. Shumway,* [1979–1980 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 97,142 at 96,301–02 (S.D.N.Y.), *aff'd,* 622 F.2d 572 (2d Cir.1980). While a proxy statement need not disclose an opinion as to the true value of the stock or the fairness of the deal, the proxy statement must not mislead investors as to the material facts underlying the transaction. *Cf. Mendell, supra,* 612 F.Supp. at 1550; *Bucher, supra,* at 96,301. As noted above, at this stage of the proceedings, a question of fact exists with respect to whether the failure to disclose the Loehmann family's alleged urgent need for cash to pay an estate tax liability rendered the proxy statement materially misleading, especially in view of the other disclosures in the proxy statement concerning the Loehmann family's approval of the merger.

Since the true value of the stock is relevant to the issue of whether the Loehmann family did in fact have an estate tax liability, the plaintiff may properly discover information with respect to the true value of the stock. In short, it does not follow that merely because a federal securities law cause of action may not be predicated solely on the failure to disclose the true value of stock, that the true value of the stock may not be relevant to a claim properly cognizable under the federal securities laws.

## CONCLUSION

Plaintiff's request for discovery with respect to the true value of Loehmann's stock at the time of the merger is granted.

All parties shall complete discovery on or before March 16, 1987.

It is SO ORDERED.